IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

---

EDWARD EDGAR,
Plaintiff,

v. Case No. 6:26-CV-00417-CEM-LHP

**Orange County, Florida**,
a charter county and political subdivision of
the State of Florida,

Defendant.

_____/

# COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,

AND INJUNCTIVE RELIEF
(42 U.S.C. § 1983 – Fifth, Eighth & Fourteenth Amendments)

---

## I. INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 seeking just compensation, declaratory relief, and prospective injunctive relief arising from Defendant's regulatory enforcement actions against Plaintiff's real property.
2. Plaintiff does not facially challenge the validity of Orange County's land-use ordinances. Plaintiff challenges the manner in which those ordinances were applied, enforced, and monetized.
3. Defendant's conduct resulted in:

   a. A temporary regulatory taking without just compensation (Fifth Amendment);
   b. The imposition and continued accrual of constitutionally excessive fines (Eighth Amendment);
   c. Deprivation of property without due process of law (Fourteenth Amendment); and
   d. The recording of a lien and initiation of foreclosure proceedings to collect punitive daily fines.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the property and events at issue are located in Orange County, Florida.

## III. PARTIES

6. Plaintiff, EDWARD EDGAR, is a natural person and property owner in Orange County, Florida.
7. Defendant, Orange County, Florida, is a charter county and political subdivision of the State of Florida and is a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell*.

## IV. FACTUAL BACKGROUND

### A. Permit History

8. Plaintiff applied for an initial building permit on **November 20, 2019**.
9. The permit was issued on **May 20, 2020**.
10. The permit expired on **November 20, 2020**, during COVID-related construction restrictions.
11. Plaintiff applied for a second permit on **February 10, 2022**.
12. That permit expired on **August 17, 2022**, after updated code requirements barred use of the original site survey and engineered drawings.
13. Plaintiff applied for a third permit on **May 24, 2022**.
14. The third permit was issued on **October 11, 2022**.
15. It expired on **April 11, 2023**.
16. Original compliance costs were approximately **$5,000+**.
17. Under the third permit requirements, compliance costs escalated to **$15,000+**, rendering the project economically infeasible.
18. The cumulative effect of shifting requirements destroyed the economic viability of the project.

### B. Code Enforcement and Magistrate Proceedings

19. A Special Magistrate hearing occurred on **March 7, 2022**.
20. Daily fines of $100 per day were ordered.
21. Plaintiff filed an appeal on **April 5, 2022**, Case No. 2022-CV-000004-A-O.

22. On **December 19, 2025**, the appellate court issued a per curiam affirmance.
23. On **January 8, 2026**, Defendant issued an Affidavit of Non-Compliance.
24. On **February 16, 2026**, the Special Magistrate notified Plaintiff that a lien had been placed on the property and foreclosure proceedings were being pursued.

## V. LIEN AND FORECLOSURE INJURY

25. The County has recorded a lien based solely upon accumulating daily fines.
26. The lien clouds title, impairs alienability, interferes with financing, and depresses property value.
27. The threatened foreclosure converts a regulatory penalty into a forced divestiture mechanism.
28. The enforcement structure operates as a revenue-generating mechanism rather than a compliance mechanism.

## VI. MUNICIPAL LIABILITY (MONELL)

29. The violations described herein were caused by official County policies, customs, or practices, including:

a. Automatic accrual of daily fines without proportionality review;
b. Enforcement practices that continue after economic infeasibility is demonstrated;
c. Failure to provide meaningful mitigation procedures;
d. Use of lien and foreclosure authority to coerce payment of accumulating fines;
e. Systemic reliance on shifting regulatory requirements without transition safeguards.

30. These practices constitute official municipal policy for purposes of §1983.

# COUNT I

## Fifth Amendment – Temporary Regulatory Taking

31. Plaintiff realleges paragraphs 1–30.
32. The escalating compliance burdens and permit resets deprived Plaintiff of economically viable use of the property during the relevant period.
33. The County's actions went "too far" under *Penn Central* and related jurisprudence.
34. No just compensation has been paid.

**Plaintiff seeks just compensation measured by:**

- Loss-of-use damages;
- Diminution in value during the regulatory period;
- Consequential damages where permitted.

# COUNT II

## Eighth Amendment – Excessive Fines

35. Plaintiff realleges paragraphs 1–34.
36. The daily $100 fine accrues regardless of economic proportionality.
37. The total fine amount, when aggregated, is grossly disproportionate to the alleged code violation.
38. The use of foreclosure to collect the fine renders the sanction punitive and confiscatory.
39. The fine violates the Excessive Fines Clause as incorporated against the States.

# COUNT III

## Fourteenth Amendment – Procedural and Substantive Due Process

40. Plaintiff realleges paragraphs 1–39.
41. Plaintiff was denied meaningful procedural safeguards, including proportionality assessment and hardship review.
42. Substantively, the enforcement action was arbitrary in light of shifting compliance standards and economic infeasibility.

# COUNT IV

## Declaratory Relief (28 U.S.C. §§ 2201–2202)

43. An actual controversy exists concerning:

a. The constitutionality of the accrued fines;
b. The validity of the lien;
c. The County's authority to foreclose to collect punitive regulatory fines.

44. Plaintiff seeks a declaration that:

- The fines are excessive;
- The lien is constitutionally infirm;
- Compensation is owed for the temporary taking.

# COUNT V

## Prospective Injunctive Relief (Carefully Limited)

45. Plaintiff seeks narrowly tailored prospective relief prohibiting foreclosure enforcement pending constitutional adjudication.
46. Plaintiff does not seek to enjoin legitimate future regulatory enforcement consistent with constitutional safeguards.

# VII. OATH OF OFFICE AND CONSTITUTIONAL OBLIGATION

47. County officials act under oath to support the United States Constitution.
48. Enforcement mechanisms that impose confiscatory penalties without proportionality review violate that constitutional obligation.

# VIII. DAMAGES AND RELIEF REQUESTED

Plaintiff demands:

A. Just compensation for temporary taking;
B. Declaratory judgment as stated;
C. Prospective injunctive relief preventing foreclosure pending resolution;
D. Vacatur of unconstitutional fines;

E. Attorney's fees and costs under 42 U.S.C. § 1988;
F. Pre- and post-judgment interest;
G. Such further relief as the Court deems just.

## PRESERVATION OF PUNITIVE DAMAGES

49. To the extent any individual-capacity claims are later added, Plaintiff expressly preserves the right to seek punitive damages against such individuals consistent with federal law.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

EDWARD EDGAR
5389 Brahma Av
Orlando, Florida, 32810
321-444-2727
edgar11457@yahoo.com
Plaintiff, Pro Se