**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**


EDWARD EDGAR,

       Plaintiff,

v.                              Case No:   6:26-cv-417-CEM-LHP

ORANGE COUNTY, FLORIDA,

       Defendant

---

### ORDER

Before the Court are a Motion for Permission to File Electronically (Doc. No. 5) and a Pro se Motion for Permission to Use CM/ECF Electronic Filing System (Doc. No. 11), both filed by Plaintiff Edward Edgar, who appears *pro se*.   Given that both motions seek the same relief, the first-filed motion (Doc. No. 5) is **DENIED as moot**.   The second-filed motion (Doc. No. 11) will be **DENIED without prejudice**.

First, the motion fails to include a memorandum of legal authority as required by Local Rule 3.01(b).   Second, "[w]hile an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party

makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted).   Here, Plaintiff makes no such showing, merely referencing judicial efficiency, administrative burden, expedited receipt of court orders, and preventing delay.   Doc. No. 11.   *See also Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to *pro se* litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access).

That said, "the Court in its discretion may grant *a pro se* party permission to receive electronic notifications."   *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023).   The Court finds it appropriate to exercise such discretion here, in light of Plaintiff's preference for "[e]xpedited service and receipt of Court orders."   *See* Doc. No. 11, at 1; *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Therefore, the **Clerk of Court** is **DIRECTED** to add Plaintiff's email address, edgar11457@yahoo.com, to CM/ECF and ensure that Plaintiff receives Notices of Electronic Filings.

**DONE** and **ORDERED** in Orlando, Florida on February 27, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties